**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE HOLLIDAY,<br>Plaintiff,<br><br>v.<br><br>WEST PHILADELPHIA COMMUNITY MENTAL HEALTH CONSORTIUM, INC., a/k/a THE CONSORTIUM, INC.,<br>Defendant. | : | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Andre Holliday ("Plaintiff" or "Holliday"), by and through undersigned counsel, brings this action against Defendant West Philadelphia Community Mental Health Consortium, Inc., a/k/a The Consortium, Inc. ("Defendant" or "Consortium"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an employment discrimination and retaliation action arising from Defendant's termination of Plaintiff, an African American man approximately sixty years old, shortly after he returned from approved medical leave for anxiety and major depressive disorder.

2. During his eleven-year tenure with Defendant, Plaintiff served in positions with progressive responsibility up to his position as a Security Supervisor at the time of his unlawful termination on June 22, 2026.

3. Plaintiff was terminated for pretextual reasons after requesting and taking disability-related medical leave and exercising rights protected by the ADA and FMLA.

4. Plaintiff brings this action for discrimination based upon race, color, sex, age, and disability; retaliation under the ADA; and interference with and retaliation for the exercise of rights protected by the FMLA.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

6. This Court has or will have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., because those claims arise from the same case or controversy as Plaintiff's federal claims.

7. Venue is proper in this District because Defendant operates and conducts business in Philadelphia, Pennsylvania, and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## III. PARTIES

8. Plaintiff Andre Holliday is an adult individual and resident of Pennsylvania.

9. Defendant is a Pennsylvania organization that operates behavioral health and community mental health facilities and conducts substantial business in Philadelphia, Pennsylvania.

10. Defendant employed more than 300 employees during the relevant period.

11. Defendant was at all relevant times an "employer" within the meaning of Title VII, the ADA, the ADEA, and the PHRA.

12. Defendant was also an employer covered by the FMLA.

## IV. ADMINISTRATIVE EXHAUSTION

13. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").[1]

14. Plaintiff's Charge identified discrimination based upon race, color, sex, age, disability, and retaliation and identified the termination of his employment as an unlawful employment action.

15. Plaintiff's Charge further described the disability-related medical leave preceding his termination and the circumstances surrounding Defendant's stated reason for terminating him.

16. On or about August 12, 2026, the EEOC issued Plaintiff a Notice of Right to Sue, and this action is timely filed within 90 days of the Notice.

17. Plaintiff has satisfied all administrative prerequisites applicable to the claims asserted herein, or such prerequisites have otherwise been fulfilled, waived, or excused as provided by law.

## V. FACTUAL ALLEGATIONS

18. Defendant hired Plaintiff as a security guard on or about June 15, 2015.

19. Plaintiff remained employed by Defendant continuously until Defendant terminated him on June 22, 2026.

20. During his employment, Plaintiff satisfactorily performed his assigned duties.

21. Defendant entrusted Plaintiff with responsibility for supervising other security employees and providing security services at more than one facility.

---

[1] Plaintiff will seek leave to amend the Complaint to add claims under the PHRA upon satisfaction of the applicable administrative prerequisites.

22. Plaintiff suffers from anxiety and major depressive disorder.

23. Defendant knew of Plaintiff's conditions.

24. In approximately November 2025, a Caucasian female employee working in Defendant's Human Resources Department accused Plaintiff of making an inappropriate workplace comment on one occasion. Plaintiff denied making the alleged comment.

25. Defendant investigated the accusation, which did not substantiate wrongdoing by him. Nevertheless, the accusation, investigation, and resulting workplace stress aggravated Plaintiff's anxiety and depression.

26. As a result of his serious health conditions, Plaintiff requested and obtained medical leave beginning in approximately November 2025.

27. Plaintiff's medical leave lasted until approximately January or February 2026.

28. Plaintiff's anxiety and major depressive disorder constituted serious health conditions that rendered him unable to perform his job during the relevant period.

29. Plaintiff provided Defendant sufficient information to put Defendant on notice that his absence was related to serious medical conditions.

30. Defendant knew or reasonably should have known that Plaintiff's medical leave qualified for protection under the FMLA.

31. Plaintiff's request for disability-related medical leave also constituted a request for a reasonable accommodation of his disabilities.

32. Defendant approved Plaintiff's leave.

33. Upon returning from leave in approximately January or February 2026, Plaintiff resumed his regular position and duties.

34. After his return, Plaintiff expressed concern about being required to work under or interact with Human Resources personnel involved in the previous accusation because he believed those individuals would not treat him fairly.

35. On or about June 16, 2026, a male employee and a female employee under Plaintiff's supervision became involved in a verbal dispute.

36. Plaintiff addressed the employees and advised both of them that their behavior was unprofessional.

37. Plaintiff informed them that the matter would be addressed the following day.

38. Plaintiff was thereafter required to leave that facility and report to a separate facility approximately 4.5 miles away to provide necessary security coverage.

39. Plaintiff subsequently learned that after he left to report to the facility where he was scheduled to work, the female employee involved in the earlier dispute contacted her brother.

40. The male employee reportedly became concerned that an individual outside the building might be armed and contacted the police.

41. Plaintiff was not present at the facility when those events occurred.

42. Plaintiff did not invite the female employee's brother or any other unauthorized individual into the facility.

43. Plaintiff did not admit the individual into the facility.

44. Plaintiff did not authorize or permit the individual to enter the facility.

45. Plaintiff had no ability to control access to the facility while Defendant required him to work approximately 4.5 miles away.

46. On June 22, 2026, Defendant accused Plaintiff of violating policy by permitting an unauthorized individual to enter the facility.

47. Plaintiff explained that he had been working at Defendant's separate facility when the alleged unauthorized entry occurred.

48. Plaintiff explained that he therefore could not have authorized the individual to enter the facility, nor would he have taken this action.

49. Defendant nevertheless rejected or disregarded Plaintiff's explanation and terminated Plaintiff's employment that same day.

50. Defendant's stated reason for terminating Plaintiff was unsupported by the known facts.

51. Defendant held Plaintiff responsible for actions that occurred while Plaintiff was performing assigned duties at another location.

52. Defendant subjected Plaintiff to greater scrutiny than Caucasian and/or female employees and discounted Plaintiff's explanation while crediting the assertions of Caucasian female Human Resources and management employees.

53. Defendant's stated justification was false, exaggerated, inconsistently applied, and/or otherwise unworthy of credence.

54. Plaintiff's termination occurred only several months after his return from protected disability-related medical leave.

55. Defendant knew when it terminated Plaintiff that he had recently exercised rights associated with his serious health conditions, disability-related leave, and FMLA-protected leave.

56. The timing, circumstances, disparate treatment, departure from the known facts, and weakness of Defendant's proffered justification support an inference that Plaintiff's protected characteristics and protected activities were motivating and/or determinative factors in Defendant's decision.

57. With respect to Plaintiff's age claim, Plaintiff was approximately sixty years old when Defendant terminated him.

58. Upon information and belief, Plaintiff was replaced by a significantly younger individual and/or his job responsibilities were assumed by a significantly younger individual.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, wages, benefits, and other compensation, as well as other recoverable damages.

60. Plaintiff satisfactorily performed his duties as a security guard and was entrusted with responsibility for supervising security personnel at more than one of Defendant's facilities.

61. Defendant's proffered reason for Plaintiff's termination was false, unsupported by the known facts, selectively applied, and/or a pretext for unlawful discrimination and retaliation.

**COUNT ONE**
**TITLE VII, RACE AND COLOR DISCRIMINATION**

62. Plaintiff incorporates paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff is African American and is protected from discrimination based upon race and color under Title VII.

64. Plaintiff was qualified for his position and satisfactorily performed his job.

65. Defendant subjected Plaintiff to an adverse employment action by terminating his employment.

66. Defendant subjected Plaintiff to greater scrutiny, rejected his explanation despite objective evidence supporting it, and credited Caucasian employees in circumstances in which Plaintiff's account was disregarded.

67. Plaintiff's race and/or color was a motivating factor in Defendant's decision to subject him to disparate treatment and terminate his employment.

68. Defendant thereby violated Title VII.

**COUNT TWO**
**TITLE VII, SEX DISCRIMINATION**

69. Plaintiff incorporates paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff is male and is protected from discrimination based upon sex under Title VII.

71. Defendant treated Plaintiff less favorably in connection with the events preceding his termination while crediting and/or favoring female employees and decisionmakers.

72. Plaintiff's sex was a motivating factor in Defendant's decision to subject him to disparate treatment and terminate his employment.

73. Defendant thereby violated Title VII.

**COUNT THREE**
**ADEA, AGE DISCRIMINATION**

74. Plaintiff incorporates paragraphs 1 through 73 as though fully set forth herein.

75. Plaintiff was over forty years of age at all relevant times and therefore was within the class protected by the ADEA.

76. Plaintiff was qualified for his position and satisfactorily performed his job.

77. Defendant terminated Plaintiff's employment.

78. Upon information and belief, Plaintiff was replaced by a significantly younger individual and/or his job responsibilities were assumed by a significantly younger individual.

79. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, wages, benefits, and other compensation, as well as other recoverable damages.

80. Defendant would not have terminated Plaintiff but for his age.

81. Defendant thereby violated the ADEA.

## COUNT FOUR
## ADA, DISABILITY DISCRIMINATION

82. Plaintiff incorporates paragraphs 1 through 81 as though fully set forth herein.

83. Plaintiff has anxiety and major depressive disorder.

84. Plaintiff was an individual with a disability, had a record of disability, and/or was regarded by Defendant as having a disability within the meaning of the ADA.

85. Defendant knew of Plaintiff's conditions and his need for disability-related medical leave.

86. Plaintiff was qualified to perform the essential functions of his security position, with or without reasonable accommodation.

87. Plaintiff demonstrated his ability to perform the position by returning from leave and resuming his regular duties.

88. Defendant thereafter subjected Plaintiff to adverse treatment and terminated his employment.

89. Plaintiff's actual disability, record of disability, and/or perceived disability was a motivating and determinative factor in Defendant's decision.

90. Defendant thereby violated the ADA.

## COUNT FIVE
## ADA RETALIATION

91. Plaintiff incorporates paragraphs 1 through 90 as though fully set forth herein.

92. Plaintiff engaged in protected activity by requesting disability-related medical leave and/or reasonable accommodation for his known mental health conditions.

93. Defendant knew that Plaintiff had requested and exercised disability-related workplace rights.

94. After Plaintiff returned from protected leave, Defendant subjected him to increased scrutiny and ultimately terminated his employment.

95. Defendant's termination of Plaintiff was causally connected to his exercise of rights protected by the ADA.

96. Defendant thereby retaliated against Plaintiff in violation of the ADA.

## COUNT SIX
## FMLA INTERFERENCE/RETALIATION

97. Plaintiff incorporates paragraphs 1 through 96 as though fully set forth herein.

98. Defendant was a covered employer under the FMLA.

99. Plaintiff was an eligible employee entitled to the protections of the FMLA.

100. Plaintiff's anxiety and major depressive disorder constituted a serious health condition within the meaning of the FMLA.

101. Plaintiff provided Defendant sufficient notice of his need for medical leave.

102. Plaintiff exercised and/or attempted to exercise rights protected by the FMLA.

103. The FMLA's prohibition against interference prohibits an employer from discriminating or retaliating against an employee for exercising FMLA rights, including by using the taking of FMLA leave as a negative factor in an employment decision.

104. Defendant used Plaintiff's exercise of FMLA-protected leave as a negative factor in its treatment of Plaintiff and its decision to terminate his employment.

105. To the extent Defendant treated Plaintiff's protected leave, absence, medical condition, or return from leave as grounds for increased scrutiny or termination, such conduct interfered with Plaintiff's exercise and enjoyment of FMLA rights.

106. Plaintiff invoked and exercised his right to FMLA-protected medical leave.

107. Defendant knew that Plaintiff had taken protected medical leave.

108. Plaintiff suffered an adverse employment action when Defendant terminated him.

109. Defendant thereby violated the FMLA, including 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(c).

## VI. DAMAGES

110. Plaintiff has suffered damages including lost wages, emotional distress, and other losses.

111. Defendant's conduct warrants an award of compensatory and punitive damages to the extent permitted by applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award compensatory and punitive damages;

c. Order reinstatement of Plaintiff to his former position or a comparable position, or in the alternative, award front pay in lieu of reinstatement;

d. Award back pay and front pay;

e. Award liquidated damages and prejudgment interest authorized by law;

f. Award attorneys' fees and costs;

g. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Kay Hennessy Seven

Date: 10/6/2026

KAY HENNESSY SEVEN, ESQ.
I.D. NO.: 77262
HENNESSY LAW, P.C.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 267-344-3600
kay@Hennessylawfirm.com
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE HOLLIDAY,<br>Plaintiff,<br><br>v.<br><br>WEST PHILADELPHIA<br>COMMUNITY MENTAL<br>HEALTH CONSORTIUM, INC.,<br>a/k/a THE CONSORTIUM, INC.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br>Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**VERIFICATION**

I, Andre Holliday, hereby verify that I am the Plaintiff in the above matter and under penalty of perjury applicable under the laws of the United States that the factual averments in the attached Complaint are true and correct to the best of my knowledge, information, and belief.

Andre Holliday
ID ZZkNdabTFkh3KPV54oTT1KEd

Andre Holliday

10/6/2026